# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 cr 36

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LESLIE MCCLURE BYERS, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is a violation report [# 25] filed by the United States Probation Office alleging Defendant violated terms and conditions of her pretrial release. On May 8, 2018, the Court held a bond revocation hearing. Defendant was present with her counsel, Howard W. Anderson, and the Government was present through AUSA Don Gast. From the evidence offered, the statements of the Government and Defendant, and the records in this cause, the Court makes the following findings.

**Findings**. On April 3, 2018, the grand jury issued an indictment charging Defendant with one count of conspiracy to possess with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. § 846; and one count of actual possession with intent to distribute a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

On April 9, 2018, the Court held a detention hearing and issued an order setting conditions of release. Defendant was released on a $25,000 unsecured bond [# 9, # 10]. The Court's terms and conditions of pretrial release included:

(1) The defendant must not violate any federal, state or local law while on release; and

(8)(p) The defendant must refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

On May 7, 2018, based on the violation report [# 25], the Court issued an arrest warrant for Defendant. The report detailed that on April 23, 2018, the probation officer collected a urine sample from Defendant. The sample tested positive for methamphetamine. Before the sample had been collected, Defendant admitted to the probation officer that she had taken Xanax without a prescription. The sample, however, clearly tested positive for methamphetamine. The probation officer had Defendant's sample sent to Alere for a positive confirmation.

On May 8, 2018, Defendant was arrested. On that same date, Defendant appeared before this Court for her bond revocation hearing. At the call of the matter, the Defendant admitted to the allegation contained in the violation report.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows:

The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer—

(1) finds that there is—
 (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
 (B) clear and convincing evidence that the person has violated any other condition of release; and

(2) finds that—
 (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
 (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is clear and convincing evidence to believe that Defendant has violated two terms and conditions of her release: drug use and violation of a federal, state or local law while on release. Under North Carolina law, methamphetamine is a schedule II controlled substance and possession is a felony. N.C. GEN. STAT. §§ 90–90; 90–95. Thus, a rebuttable presumption arises that no condition or combination of conditions will assure that Defendant will not pose a danger to the safety of any other person or the community.

Due to the findings made above, the presumption that has been created, and considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. The Court believes that based upon Defendant's actions, it is unlikely that Defendant will abide by any condition or combination of conditions of release.

As a result, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** the unsecured bond [# 10] and terms and conditions of pretrial release [# 9] entered in this matter are hereby **REVOKED** and it is

3

**ORDERED** Defendant be detained pending further proceedings in this matter.

Signed: May 9, 2018

Dennis L. Howell
United States Magistrate Judge