THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00036-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| | ) | |
| LESLIE McCLURE BYERS, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Seal Medical Records [Doc. 62] and Motion to Seal Supplemental Medical Records [Doc. 65].

The Defendant, through counsel, moves the Court for leave to file a Report prepared by Sharon L. Sellman, RN, [Doc. 61-1] and medical records [Docs. 61-2, 64] under seal in this case. For grounds, counsel states that the report and medical records concern the Defendant's medical care and treatment. [Docs. 62, 65].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the

documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present case, the public has been provided with adequate notice and an opportunity to object to the Defendant's motions. The Defendant filed her motions on May 7 and 18, 2020, respectively, and such motions have been accessible to the public through the Court's electronic case filing system since that time. Further, the Defendant has demonstrated that the report and medical records contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of the Report and medical records is necessary to protect the Defendant's privacy interests.

Upon review of the Defendant's Report and medical records, the Court finds that the Report and medical records contain case material and information of the nature that is ordinarily sealed and appropriate to be shielded from public access. See United States v. Harris, 890 F.3d at 492.

Accordingly, the Defendant's Motions to Seal are granted, and counsel shall be permitted to file the Report and medical records under seal.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Seal Medical Records [Doc. 62] and Motion to Seal Supplemental Medical Records [Doc. 65] are **GRANTED**, and the Defendant's Report [Doc. 61-1] and medical records [Docs. 61-2, 64] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: May 27, 2020

Martin Reidinger
United States District Judge