THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:18-cr-00036-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LESLIE McCLURE BYERS, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 63]. The Government opposes the Defendant's motion. [Doc. 69].

**I.  BACKGROUND**

In April 2018, the Defendant Leslie McClure Byers was charged along with her daughter, April Annette McClure, with one count of conspiracy to possess with intent to distribute methamphetamine (Count One) and with one count of possession with intent to distribute methamphetamine (Count Three), in violation of 21 U.S.C. § 841(a)(1) and 846. [Doc. 1]. She was initially placed on pretrial release; however, in May 2018, her pretrial release was revoked, and she was detained pending trial. [Doc. 26]. In June 2018, the Defendant pled guilty "straight up" to both charges. [Doc. 32]. In October

2018, the Defendant was sentenced to a term of 68 months' imprisonment and four years of supervised release on each of Counts One and Three, to run concurrently. [Doc. 49]. The Defendant is currently housed at Carswell Federal Medical Center (Carswell FMC). Her projected release date is March 1, 2023.[1]

The Defendant now seeks a reduction in her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). [Doc. 63]. In her motion, the Defendant contends that she has an underlying health condition—namely, pulmonary hypertension—which places her at a higher risk for severe illness or death if she were to contract COVID-19. [Id.]. She contends that her declining health, the COVID-19 pandemic, or both, constitute "extraordinary and compelling reasons" to reduce her sentence. Significantly, however, the Defendant does not seek a reduction in sentence that would allow her to be immediately released; rather, she requests only an eight-month reduction in sentence, a reduction that she contends will improve her chances of being approved by BOP to serve the remainder of her sentence on home confinement. [See Doc. 63-1 at 3; Doc. 70 at 2 n.1]. The Government, while conceding that the Defendant's pulmonary hypertension constitutes an

---

[1] See https://www.bop.gov/inmateloc/ (last visited June 22, 2020).

2

Case 1:18-cr-00036-MR-WCM   Document 71   Filed 06/29/20   Page 2 of 5

"extraordinary and compelling reason" to argue for a sentence reduction, opposes the Defendant's request for a partial sentence reduction. [Doc. 69].

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of her sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in her motion that she submitted a request for compassionate release to the warden of Carswell FMC on January 23, 2020, which was denied. [Doc. 63-1 at 3]. As more than 30 days has passed from the Defendant's request, the Court will proceed to address the merits of her motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also

consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a) factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

The Defendant presents the Court with an unusual request, as she seeks only a partial reduction of her sentence. Such reduction would not result in her immediate release from confinement, but rather at most would

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

4

appear to improve her chances of being approved by BOP to serve the remainder of her sentence under home confinement. Such a reduction does not appear to be consistent with the policy statement pertaining to compassionate release as set forth in § 1B1.13. Moreover, to the extent that the Defendant wishes to be transferred to home confinement, this Court is not empowered to make decisions regarding the propriety of such a transfer. The discretion to release a prisoner to home confinement lies solely with the Attorney General. See 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g).

For all these reasons, the Defendant's motion for a sentence reduction is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A)(i) [Doc. 63] is **DENIED**.

**IT IS SO ORDERED.**

Signed: June 27, 2020

Martin Reidinger
Chief United States District Judge